**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**JUNE SESSION, 1999**

FILED

July 6, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

STATE OF TENNESSEE,          )
                             )    No. 03C01-9808-CC-00309
    Appellee           )
                             )    BLOUNT COUNTY
vs.                          )
                             )    Hon. D. Kelly Thomas, Jr., Judge
MICHAEL D. HAWKINS,          )
                             )    (Revocation of Probation)
    Appellant          )


For the Appellant:

**Mack Garner**
District Public Defender
**Natalee S. Hurley**
Asst. District Public Defender
419 High Street
Maryville, TN  37804

**(AT TRIAL)**


**Gerald L. Bulley, Jr.**
Contract Appellate Defender
P. O. Box 1708
Knoxville, TN 37901-1708

**(ON APPEAL)**

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter


**Georgia Blythe Felner**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**C. Berkeley Bell, Jr.**
District Attorney General

**Edward P. Bailey, Jr.**
Asst. District Attorney General
363 Court Street
Maryville, TN  37804



ORDER FILED: _____

AFFIRMED PURSUANT TO RULE 20, TENN. CT. CRIM. APP. R.


**David G. Hayes**
Judge

**ORDER**

The appellant, Michael D. Hawkins, appeals as of right from the trial court's revocation of his suspended sentence. Following a hearing, the trial court found that the appellant had violated conditions of his probation and ordered execution of the entire sentence as originally entered. On appeal, the appellant contends that the trial court should have granted intensive probation or an alternative sentence, specifically Community Corrections.[1]

Based on our review of the briefs and of the entire record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20, Tenn. Ct. Crim. App. R.

In April of 1998, the appellant pled guilty to one count of theft of property, a Class D felony, and received a split confinement sentence of two years with 60 days to be served in the county jail followed by one year and ten months supervised probation.[2] After his release from the county jail on May 29, 1998, the appellant began supervision.

On July 6, 1998, the trial court issued a probation violation warrant alleging violation of seven conditions of probation. The violations included: new arrests and convictions; failure to pay court costs, restitution, or probation fees; failure to maintain employment or report that he quit his job; failure to maintain a steady residence or abide by his curfew; and failed to report for scheduled appointments

---

[1]We note that, in the appellant's brief, he argues that principles of sentencing apply within a probation revocation hearing. This position is misplaced. The application of sentencing principles appropriate to the appellant's case concluded upon imposition of his sentence. See State v. Stevie Q. Taylor, No. 02C01-9504-CC-00108 (Tenn. Crim. App. at Jackson, May 1, 1996).

[2]The appellant also pled guilty to leaving the scene of an accident, a Class C misdemeanor, receiving 30 days in the county jail to be served concurrently with his felony sentence.

with his probation officer. At the revocation hearing, the appellant admitted all seven violations, except that he had paid $150 toward court costs, offering various unrepentant explanations for his violations, e.g., "I really didn't think it mattered" or "I really didn't think about it." The trial court found that,

> [t]he proof presented establishes beyond any question that [appellant] has violated his probation. . . .
> [I]t is apparent to me that [appellant] does not take this process seriously at all. . . .
> I think there is virtually no possibility that he could successfully serve this sentence on probation with his present attitude.

The revocation of probation is committed to the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the trial court finds by a preponderance of the evidence that a probation violation has occurred, it has the right to revoke probation and cause the probationer to commence the execution of judgment as originally entered. Tenn. Code Ann. § 40-35-310, -311(d) (1997). This court will not find that a trial court has abused its discretion unless the record contains no substantial evidence to support the trial court's conclusion that the probation should be revoked. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making the decision to revoke probation. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Based on the record before us, it is exceedingly clear that the trial court did not abuse its discretion in revoking the appellant's probation and ordering reinstatement of the original sentence imposed with confinement in the Department of Correction. Accordingly, this court finds that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOHN EVERETT WILLIAMS, Judge

4